## W. & J. TIEBOUT, Inc., v. MILTON.
### No. 401.

Circuit Court of Appeals, Second Circuit.
June 27, 1944.

Robert J. Blum, of New York City, for appellant.

Rolnick & Asofsky, of New York City (Levin & Weintraub, of New York City, of counsel), for appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

An attachment was secured by the appellant, W. & J. Tiebout, Inc., under which the Sergeant of the City of Norfolk, Va., took possession of the schooner J. Lloyd Hawkridge, belonging to the debtor. After this occurred the debtor filed his petition for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., in which he stated he was solvent, that his liabilities amounted to approximately $45,000, and his assets to approximately $80,000. While the proceeding for an arrangement was pending and without any proof of insolvency, the debtor obtained an order to release the schooner from the attachment in order that she might be taken from the jurisdiction to a shipyard for repairs; she was so released and taken from the jurisdiction for that purpose, but only after the referee had rendered a decision on notice to the attaching creditor refusing to vacate the original order. There is nothing in the record to show that the attachment was invalid or to justify an order releasing the ship from the custody of the Sergeant of the City of Norfolk.

The Bankruptcy Act, Section 67, sub. a, 11 U.S.C.A. § 107, sub. a, provides for the dissolution of attachments acquired within four months of filing of the petition "if at the time when such lien was obtained such person was insolvent." There is no proof here of insolvency, consequently the order is reversed.